[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in this action seek to recover the deposit which they paid to the defendant in conjunction with the sale-purchase of two convenience stores-gas stations.
The material facts herein are not in dispute. The defendant had offered the gas stations for sale at the price of $125,000.00. The plaintiffs after consultations between themselves and with others decided to purchase the properties. They went to the defendant's office, but found that the person they had previously dealt with, Arthur Bogen, was not present. However, another staff member had documents for signature by the plaintiffs and accepted their check for $12,500.00 as the deposit for the purchase of the above-mentioned properties.
A few days later the prospective buyers became disenchanted with their partnership arrangement and notified the seller by telephone and with a follow-up letter that they could not purchase the properties and requested the return of the deposit. No response was received from the defendant.
Subsequently, the defendant entered into a sales agreement on or before February 17, 1989, with another buyer covering the same properties herein involved.
A purchaser whose breach is not willful has a restitutionary claim to recover monies paid that unjustly enrich his seller. Vines v. Orchard Hills, Inc., 181 Conn. 501, 509
(1980).
The plaintiffs herein initiated the breach of the agreement when their partnership arrangement was placed in jeopardy because of the incompatible plans of the individual parties for the operation of the properties to be purchased. This breach was not a willful act on the part of the plaintiffs even though it might have resulted from acts unconnected with the parties buy-sell agreement.
The agreement was terminated when the defendant/seller accepted the plaintiffs' notification that they could not proceed with the purchase, and when the seller negotiated with another prospective purchaser of the properties. CT Page 1368
As to the issue of liquidated damages; they are limited to the reasonable damages the seller has actually suffered as proven by the plaintiffs.
The purchaser's right to recover in restitution requires the purchaser to establish that the seller has been unjustly enriched. The purchaser, because he is the party in breach, must prove that the damages suffered by the seller are less than the monies received from the purchaser, supra Vines v. Orchard Hills, Inc., p. 510.
The evidence presented is that the subject real estate was contracted for sale within a month of the date on which the plaintiffs notified the defendant that they were withdrawing from the purchase. The defendant's contract with the new purchaser was for the same price ($125,000.00) as had been contracted with the plaintiffs.
Thus, the court finds that at the time of the breach of the agreement by the plaintiffs the reasonable value of the properties was $125,000.00.
The court also finds that the seller incurred additional expenses because of the breach. These expenses are, additional attorney fees amounting to $2,300.00; and, additional advertising costs of $200.00.
The defendant-seller's total damages resulting from plaintiffs' breach of the agreement amounts to $2,500.00. The balance of the $12,500.00 deposited by the plaintiffs with the defendant, i.e. the sum of $10,000.00, would unjustly enrich the defendant if retained by it and is to be returned to the plaintiffs.
Therefore, judgment is to enter for the plaintiffs to recover the sum of $10,000.00 from the defendants together with assessable costs.
JULIUS J. KREMSKI STATE TRIAL REFEREE